PHILIP JOSEPH TRICHE, JR.

VERSUS

DANIELLE DEMARCO TRICHE

NO. 24-CA-369

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 91,947, DIVISION "E"
HONORABLE LAUREN D. ROGERS, JUDGE PRESIDING

February 26, 2025

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

**AFFIRMED**
    **MEJ**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
PHILIP JOSEPH TRICHE, JR.
    Mark A. Marino

COUNSEL FOR DEFENDANT/APPELLEE,
DANIELLE TRICHE
    Renee L. Swanson

**JOHNSON, J.**

Plaintiff/Appellant, Philip Joseph Triche, Jr., appeals the trial court's judgment that granted a La. C.C. art. 103(4) divorce against him and in favor of Defendant/Appellee, Danielle DeMarco Triche, which was rendered in the 29th Judicial District Court, Division "D". The judgment also ordered Philip to pay Danielle's attorney's fees and costs pursuant to La. R.S. 9:314. For the following reasons, we affirm the trial court's judgment and assess Philip with Danielle's costs and attorney's fees associated with this appeal.

## FACTS AND PROCEDURAL HISTORY

The facts of this appeal are brief. On March 21, 2023, Philip filed a petition for divorce under La. C.C. art. 102 against Danielle. In his petition, he stated that he and Danielle were married on April 10, 2005, and two minor children were born of the marriage. Philip alleged that he physically separated from Danielle on March 12, 2023 and had lived separate and apart, continuously and without reconciliation. He stated that he intended to live apart from Danielle for the requisite time to obtain a divorce.[1] On April 7, 2023, Danielle filed a reconventional demand, alleging she was entitled to a divorce from Philip, pursuant to La. C.C. art. 103(4) and (5), arising from an incident of physical abuse that occurred on March 12, 2023. In the alternative, she prayed for a divorce pursuant to La. C.C. art. 102.

A divorce trial was held on November 6, 2023. At trial, the judge stated she would take judicial notice of a previous factual determination concerning an incident of abuse by Philip. In a written judgment rendered on the same date, the trial court granted Danielle a divorce from Philip, pursuant to La. C.C. art. 103(4). The judgment also ordered Philip to pay all of Danielle's attorney's fees and costs

---

[1] La. C.C. art. 103.1 provides that the requisite period of time for a La. C.C. art. 102 divorce when there are minor children of the marriage at the time the rule to show cause is filed is 365 days.

associated with the proceeding, pursuant to La. R.S. 9:314. Philip's instant appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Philip alleges that the trial court abused its discretion by: 1) granting a divorce based upon La. C.C. art. 103(4) by taking judicial notice of unspecified actions and/or pleadings in a separate judicial proceeding, and 2) awarding attorney's fees under La. R.S. 9:314 without a proper finding of fault or setting a hearing to determine the amount of those fees.

## LAW AND ANALYSIS

La. C.C. art. 103(4) Divorce

Philip alleges the trial court abused its discretion in granting a La. C.C. art. 103(4) divorce by taking judicial notice of certain unspecified actions and/or pleadings in a separate judicial proceeding. He argues that the sole issue at trial was his petition for a La. C.C. art. 102 divorce. Philip contends that, instead of considering the La. C.C. art. 102 divorce before it, the trial court took judicial notice "of everything" from a separate proceeding. He avers that the trial court was unsure if the divorce on the La. C.C. art. 103(4) fault grounds was based upon the judicial notice of a temporary restraining order, a criminal order of protection, a "stay away" order, or a protective order. Philip further argues that, even assuming the trial court properly took judicial notice of some adjudicative fact, the court failed to determine questions of fact and law that supported a finding that a single act of violence arose to the level of a divorce in accordance with La. C.C. art. 103(4).

Danielle avers the trial court properly granted the La. C.C. art. 103(4) divorce against Philip based upon the trial court's previous May 5, 2023 factual determination that Philip had physically abused her. She maintains that Philip's act of strangulation upon her, which was proven at the May 5th hearing, entitled her

to an immediate, fault-based divorce. She contends the court simply took judicial notice of the evidence presented at the May 5th hearing and its previous finding of Philip's physical abuse against her.

La. C.C. art. 103(4) provides, except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that, during the marriage, the other spouse physically or sexually abused the spouse seeking divorce or a child of one of the spouses, regardless of whether the other spouse was prosecuted for the act of abuse. The petitioning spouse bears the burden of proving the claims of physical abuse by a preponderance of the evidence. *Norton v. Norton*, 21-212 (La. App. 5 Cir. 12/22/21), 335 So.3d 371, 382. A finding of fault is an issue that turns largely on evaluations of witness credibility. *Id.* A trial court's finding of fault in a domestic dispute is a factual determination subject to the manifest error standard of review. *Id.* The trial court's factual determination regarding physical abuse by one spouse upon the other is entitled to great weight on appeal and will not be disturbed, unless manifest error is shown. *Id.*

La. C.C. art. 103(4) neither defines "physical abuse," nor do the laws or jurisprudence addressing family violence or domestic abuse provide a concrete definition of what actions would constitute "physical abuse" for purposes of obtaining an immediate divorce. *Norton*, *supra*. The question of whether a single physical altercation between spouses arises to the level of physical abuse, which would warrant a fault-based judgment of divorce under La. C.C. art. 103(4), presents a mixed question of fact and law that is to be determined by the trier of fact. *Id.* Mixed questions of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. *Id.* As a mixed question of fact and law, a trial court's finding that a physical injury inflicted by one spouse upon the other arises to the level of physical abuse sufficient to warrant a fault-based divorce should be afforded great deference by a reviewing court. *Id.*

In this matter, at a May 5, 2023 custody hearing[2] in the same district court case number, Danielle presented her testimony and the testimony of Sgt. Scott Huff of the St. Charles Parish Sheriff's Office to support a claim of physical abuse that occurred on March 12, 2023. During his testimony, Sgt. Huff described his interactions with Philip and Danielle on the day of the incident. He stated that he was dispatched to an address where Danielle was located. Upon his arrival, Sgt. Huff observed that Danielle was disheveled, upset, and crying, and she had scratch and strangulation marks on both sides of her neck. Danielle advised him that Philip had struck and strangled her in their home after having an argument on the ride home from a St. Patrick's Day parade. Based upon his investigation, Sgt. Huff completed a report and arrested Philip for domestic abuse violence with strangulation.

In her testimony, Danielle detailed her version of the altercation between her and Philip on March 12, 2023, and she described a few earlier instances. She testified that, on the day of the incident, Philip struck her in the face while she was in the bathroom, and there was some scuffling between them that made her fall into the bathtub. She stated that, afterwards, Philip restrained her on the bedroom floor by holding down her neck.

After considering the evidence presented, particularly the pictures of Danielle after the incident, the trial court found that the single incident of strangulation of Danielle by Philip was proven by a preponderance of the evidence. Nevertheless, the court did not find a history of perpetuating violence. Philip was ordered to complete a domestic violence intervention program (Duluth model) and attend treatment with a separate therapist, Sean Anderson. The court then orally granted a La. C.C. art. 103(4) divorce, reasoning that it "heard testimony that

---

[2] According to a reading of the transcript, this hearing occurred over the course of two days. However, only the May 5, 2023 transcript was supplemented to the appellate record.

during the marriage the spouse physically abused the spouse seeking the divorce regardless of whether the other spouse was prosecuted for the act of abuse." However, the court immediately retracted the divorce decree because the divorce trial was not set for May 5, 2023.

Subsequently, at the November 6, 2023 divorce trial, Danielle's petition for divorce pursuant to La. C.C. arts. 103(4) and 103(5) was before the court for consideration.[3] Rather than retrying the issue of domestic violence between the parties, the trial court decided it would take judicial notice of the previous testimony and finding on the issue from the May 5th proceeding. A court may take judicial notice of its own proceedings. *Olavarrieta v. Robeson*, 22-158 (La. App. 5 Cir. 7/6/22), 345 So.3d 1103, 1107. As such, we find the trial court did not err in taking the May 5, 2023 hearing and its factual determination that Philip strangled Danielle in a single incident under judicial notice in the divorce trial.

After reviewing the particular facts of this case, we find the trial court did not err in granting a La. C.C. art. 103(4) divorce in favor Danielle. The evidence presented to the trial court in support of Danielle's allegation of Philip's abuse showed that the incident occurred by a preponderance of the evidence. Because the evidence supports the trial court's determination that the strangulation incident was a fault ground for the parties' immediate divorce, we will not disturb the trial court's great deference on the issue.

Attorney's Fees

Philip alleges the trial court abused its discretion in awarding attorney's fees pursuant to La. R.S. 9:314 because there was no proper finding of fault and no hearing held to determine the amount of the fees. He argues that, although La.

---

[3] Despite Philip's assertion that only his petition for divorce was set to be tried that day, the transcript and the minute entry reflect that Danielle's reconventional demand for divorce was considered by the trial court. The designated record does not contain any order indicating the November 6, 2023 trial date was set to try only Philip's petition.

R.S. 9:314 clearly allows the award of attorney's fees when there has been a determination of abuse, the clear wording of the statute does not require a mandatory granting of attorney's fees. Because he contends the trial court did not specifically find that the one incident of alleged abuse arose to the level of a predicate for divorce under La. C.C. art. 103(4), the award of attorney's fees is premature.

Danielle avers the trial court properly awarded attorney's fees and costs to her, in accordance with La. R.S. 9:314. She maintains the trial court acted well within its discretion in ordering the perpetrator of domestic abuse, Philip, to pay all of her attorney's fees and costs associated with the proceeding, especially after considering the facts that Philip strangled her and left marks and bruises on her neck and body. She further maintains there is no requirement that the trial court determine the amount of attorney's fees and costs at the time it orders the perpetrator to pay them.

La. R.S. 9:314 states,

> The court may assess against the perpetrator of domestic abuse all court costs, attorney fees, costs of enforcement and modification proceedings, costs of appeal, evaluation fees, and expert witness fees in an action for divorce granted pursuant to Civil Code Article 103(4) or (5), or in an action in which the court determines that a party to a divorce or a child of one of the spouses was the victim of domestic abuse committed by the perpetrator during the marriage, and in incidental actions.

Here, the trial court ordered Philip to pay all of Danielle's attorney's fees and costs associated with the proceeding, pursuant to La. R.S. 9:314. The statute authorizes the trial court to assess those fees and costs against the perpetrator of domestic abuse, which in this matter has been determined by the trial court to be Philip. Accordingly, we find no error in the trial court's award of attorney's fees and costs to Danielle. The amount of Danielle's fees and costs can be determined at a hearing held at a later date.

Attorney's Fees and Costs for Appeal

Danielle requests attorney's fees and costs associated with this appeal, pursuant to La. R.S. 9:314.[4] As previously cited, La. R.S. 9:314 authorizes the award of attorney's fees and costs against the perpetrator of domestic abuse in an action for divorce granted pursuant to La. C.C. art. 103(4) or (5), which also includes the costs of an appeal. Because we are affirming the trial court's granting of the La. C.C. art. 103(4) divorce in this case, we also assess Philip with the attorney's fees and costs of the instant appeal.

### DECREE

For the foregoing reasons, we affirm the judgment of the trial court that granted a La. C.C. art. 103(4) divorce in favor of Danielle DeMarco Triche and against Philip Joseph Triche, Jr. Additionally, we affirm the award of attorney's fees and costs to Danielle, and we assess the attorney's fees and costs of this appeal to Philip.

**AFFIRMED**

---

[4] Danielle also requests attorney's fees and costs associated with the companion case pending before this Court, 24-CA-370, *Triche v. Triche*, which is a matter concerning child and interim spousal support. 24-CA-370 is a separate matter before this Court, and fees and costs will be appropriately determined in that matter.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 26, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-369

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE LAUREN D. ROGERS (DISTRICT JUDGE)
MARK A. MARINO (APPELLANT)            RENEE L. SWANSON (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED